This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

v.                                                   **NO. 29,571**

**WILLIE DEAN OSBY,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals from the district court order revoking his probation, arguing that there was insufficient evidence to find that he violated his probation. [DS 3; MIO 2-3] Defendant raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [Id.] We issued a calendar notice proposing to summarily affirm. Defendant filed a timely response and a motion to amend the docketing statement, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we deny the motion to amend and affirm the district court's order.

**DISCUSSION**

**Sufficiency**

In a probation revocation proceeding, the State bears the burden of establishing a violation with reasonable certainty. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. To satisfy this burden, the State is required to introduce proof which would incline "a reasonable and impartial mind" to believe that the defendant violated the terms of probation. *Id.* "The proof of a violation of a condition of probation need not be established beyond a reasonable doubt." *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). On appeal, we review the district court's decision to revoke probation for

2

an abuse of discretion. *Id*. To establish an abuse of discretion, it must appear that the district court acted unfairly, arbitrarily, or in manifest error. *Id.*

Defendant was accused of violating probation by consuming alcohol and not obeying the laws of the State of New Mexico. [DS 2] Our calendar notice proposed to hold that the State presented sufficient evidence to support the district court's finding that Defendant violated conditions of his probation based on the testimony of a police officer and a probation officer. The police officer testified that he stopped Defendant's vehicle for speeding on March 20, 2009, and found that Defendant did not have a valid driver's license and that he smelled of alcohol. [RP 109; DS 2-3; MIO 1-2] The police officer charged Defendant with driving while intoxicated and driving without a license. [DS 3; MIO 1-2] The probation officer testified that consuming alcohol and violating state laws were conditions of Defendant's probation. [Id.]

Defendant does not contest our understanding of the evidence. We remain persuaded that the State presented sufficient evidence to support the district court's finding that Defendant violated conditions of his probation. We therefore affirm the district court's order revoking Defendant's probation.

**Motion to Amend**

Defendant seeks to raise an additional issue that he was not given proper good time credit for time served on his parole revocation. [MIO 3-4] Defendant raises this issue pursuant to *Franklin* and *Boyer*. [Id. 4]  A motion to amend the docketing statement may only be granted if it is timely, and if the issues are viable. *See State v. Moore*, 109 N.M. 119, 128-30, 782 P.2d 91, 100-102 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).  Defendant concedes that the issue of good time credit was not raised below. [Id.] He does not persuade us that fundamental error occurred.  [Id.]  Thus, we conclude that the new issue is not viable.  Accordingly, we deny Defendant's motion to amend the docketing statement.  Defendant must pursue this issue, if at all, in a habeas corpus proceeding.  *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case").

**CONCLUSION**

For these reasons, we affirm.

**IT IS SO ORDERED.**

4

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**