This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                  **NO. 30,456**

**RALPH FLORES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Trace L Rabern Attorney and Counselor at Law LLC
Trace L Rabern
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Ralph Flores (Defendant) appeals from the order on report of probation violation. [RP 150 There are three record propers for district court Nos. D-0905-CR-0200600323, D-0905-CR-0200600570, and D-0905-CR-0200600569. The order on report of probation violation is the same for all three cases. All citations to the record proper in this opinion and in the calendar notice are to the record proper for D-0905-CR-0200600323.] Defendant raises one issue on appeal: whether allowing the State to go forward on an allegation of a probation violation that was not included as a ground for revocation in the probation violation report or the motion to revoke resulted in prejudice to the Defendant to such an extent that a new hearing is merited. [DS 4] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

"We review the trial court's decision to revoke probation under an abuse of discretion standard." *State v. Martinez,* 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). In order to establish an abuse of discretion, "it must appear the trial court acted unfairly, or arbitrarily, or committed manifest error." *Id.*

In this case, the State filed a report of probation violation on January 11, 2010.

2

[RP 111] The report alleged that Defendant had violated probation condition No. 2 (failure to report) and probation condition No. 9 (buying, selling, consuming drugs). [RP 111-13] The report further sets forth supporting evidence with regard to both alleged violations. [RP 112-13] On January 13, 2010, the State filed a motion to revoke Defendant's probation on the basis that Defendant had violated probation condition No. 2 (Count 1), and probation condition No. 9 (Count 2). [RP 115] After the hearing, the district court entered the order on report of probation violation. [RP 150] The order indicates that the district court found that Defendant had violated probation condition No. 2 (failure to report), Count 1, and revoked Defendant's probation based on that violation. [RP 150] The district court dismissed Count 2, violation of probation condition No. 9 (buying, selling, consuming drugs). [RP 151]

The district court dismissed Count 2 for two reasons. First, the State failed to disclose the correct report containing the drug test results for a drug test performed on January 6, 2010, which supported the current probation violation report and the motion to revoke Defendant's probation filed on January 11, 2010, and January 13, 2010, respectively, until about ten minutes before the probation violation hearing. [DS 2; RP 148, tape log at 4:22:10 - 4:23:27 PM] Second, the State then tried to support the current allegations regarding Defendant's violation of probation condition No. 9 with a report of drug test results for a drug test that had been performed on

3

September 8, 2009, when that drug test report was not the basis for the probation violation report or the motion to revoke Defendant's probation filed on January 11 and 13, 2010.  [DS 2-3; RP 148, tape log at 4:22:39 - 4:23:27 PM]

In the docketing statement, Defendant discusses at length the prejudice Defendant would have suffered if the district court had based its decision to revoke Defendant's probation on (a) the untimely disclosure of the report regarding the January 6, 2010, drug test, or (b) on the September 8, 2009, drug test that had not formed the basis for the current motion to revoke Defendant's probation.  [DS 2-4] Defendant contends that the testimony about the positive drug test from September 8, 2009, even though excluded, improperly influenced the district court's decision to hold that Defendant had, nevertheless, violated his probation and, therefore, Defendant is entitled to a new hearing.  [DS 4]

In the memorandum in opposition, Defendant continues to argue that even though the district court eventually agreed that it was proper to exclude the extensive evidence of other alleged drug violations, the evidence of other violations so unfairly tainted the proceedings so as to render the trial court's decision on the "technical count," Count 1 -Reporting, unfair.  [MIO 6]  Defendant cites *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), in support of his contentions.  [Id.]  As

4

such, Defendant also contends that he was entitled to an opportunity to explain the alleged violations for Count 1—Failure to Report, and to offer mitigating evidence with regard to what he considers a "technical" violation of his probation, the failure to report. [MIO 8-9] Thus, Defendant also argues that he was prejudiced because his probation was revoked and he was incarcerated for his remaining three years for the "technical" violation of failing to report. [MIO 9] Defendant further argues that he was denied due process because he was not provided with written notice of the exact nature of the evidence that the State would present regarding Count 2 (buying, selling consuming drugs). [MIO 11] Finally, Defendant argues that, although it was not established explicitly on the record, the district court "most certainly relied" on the "mistaken and discarded evidence" of Count 2 (buying, selling consuming drugs). [MIO 12] We disagree.

The State's probation violation report and the motion to revoke Defendant's probation asserted, in Count 1, that Defendant had failed to report and had a long history of failing to report in violation of this probation condition No. 2. [RP 112-13] At the hearing, Defendant's probation officer testified that at a prior probation revocation report hearing, Defendant was ordered to serve time and, upon release, Defendant was ordered to report to his probation officer within 24 hours. Defendant was released on December 8, 2009, and he did not report. Defendant's failure to

report within 24 hours of December 8, 2009, was discovered on January 5, 2010, when Defendant was arrested for this reason. [RP 146, tape log at 3:13:52 - 3:16:06 PM; RP 148, tape log at 4:06:07 PM; RP 148, tape log at 4:16:06 PM] We have therefore concluded that the record does not support Defendant's several contentions in the memorandum that his failure to report was a "technical" violation. Certainly, the district court had adequate basis for revoking Defendant's probation based solely on Defendant's history of failing to report to his probation officer pursuant to the probation agreement and the district court's orders. In light of the probation officer's testimony, and to the extent the district court may have disregarded Defendant's attempts to explain his failures to report, we note that the tape logs indicate that Defendant did not testify at the probation revocation hearing and, in any case, the district court as fact finder is not required to believe Defendant's version of events. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

We hold that the district court appropriately disregarded both the untimely and

6

the stale drug test results as bases for revoking Defendant's probation. Moreover, as Defendant discusses in the memorandum, the district court appropriately disregarded the drug test results to the extent that Defendant was not given prior written notice of the type of evidence that the State intended to rely upon with regard to Count 2 (buying, selling, consuming drugs). [MIO 11] Thus, we agree with Defendant that if the district court had not disregarded the drug-related evidence, Defendant's due process rights would have been violated.

Instead, however, the district court appropriately based its decision to revoke Defendant's probation on Defendant's failure to report, which under the facts of this case and given Defendant's consistent failure to report, is an express condition of Defendant's probation, and it is far from a "technical" [MIO 9] violation. To the extent that Defendant continues to contend in the memorandum in opposition that the district court "most certainly relied" upon and must have been prejudiced by the drug-related evidence [MIO 12], we continue to point out that the hearing on Defendant's probation violation report was tried to the district court judge, not a jury. Although Defendant argues that the district court heard inadmissible, prejudicial testimony or comments, "[i]n a non-jury case, the trial court is presumed to have disregarded incompetent evidence, absent a showing that the court was influenced thereby." *In re I.N.M.*, 105 N.M. 664, 669, 735 P.2d 1170, 1175 (Ct. App. 1987). Defendant has

7

made no such showing, and he acknowledges in the memorandum that prejudice "was not established explicitly on the record ." [MIO 12] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

Under the circumstances of this case, therefore, we hold that the district court did not abuse its discretion in revoking Defendant's probation based on the evidence that supported Count 1, Defendant's failure to report, as ordered by the district court.

**CONCLUSION**

We affirm the district court's order on report of probation violation.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**



_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**