This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                         **NO. 31,258**

**BILLY RION,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant appeals from the revocation of his probation. Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition and motion to amend the docketing statement. We deny Defendant's motion to amend, remain unpersuaded by Defendant's arguments, and therefore affirm.

Defendant moves to amend his docketing statement to argue that he was denied effective assistance of counsel. [MIO 3] Defendant argues that trial counsel was ineffective based on counsel's failure to move to suppress the evidence based on the asserted need for a warrant and lack of justification for the seizure. [MIO 4-6] In this regard, Defendant argues that officers should have secured a warrant before they initially "boxed-in and seized" Defendant and his vehicle. [MIO 5] This encounter with Defendant, however, was premised on the officers' observation of his participation in a suspected drug transaction. [DS 3] Under such circumstances, a warrant was not needed to stop Defendant. *See generally State v. Watley*, 109 N.M. 619, 624, 788 P.2d 375, 380 (Ct. App. 1989) (upholding an investigative stop and detention of a suspect where, under the totality of the circumstances, including the fact that the subject was in the immediate area of the recently reported criminal activity, the officer "could reasonably have concluded that [the] defendant may have been involved in the commission of the reported offense"); *State v. Stenz,* 109 N.M. 536, 538, 787 P.2d 455, 457 (Ct. App. 1990) (holding that trial counsel is not ineffective

for failure to make a motion that is not supported by the record). Defendant further argues that counsel was ineffective for failing to cross-examine officers regarding asserted discrepancies in the officers' pre-trial interviews and failing to address asserted chain of custody issues, including wrong numbers appearing on evidence tags. [MIO 6] These asserted deficiencies are not a matter of record, and are additionally a matter of strategy and tactics. *See generally id.*; *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)). Lastly, Defendant argues that trial counsel was ineffective because he "failed to visit meaningfully with him" during the course of proceedings below. [MIO 6] Again, this is not a matter of record. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims). In sum, Defendant has failed to meet his burden to show that counsel's performance fell below that of a reasonably competent attorney. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. Defendant's motion to amend the docketing statement is therefore denied. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (providing that issues sought to be presented must be viable), *superceded by rule as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

As for Defendant's argument that the evidence was insufficient to support his probation revocation, as provided in the notice, the facts support a conclusion that Defendant violated the law, both by ramming the officer's vehicle with his vehicle and by possessing cocaine and drug paraphernalia. We accordingly hold that the State introduced proof which would incline "a reasonable and impartial mind to the belief" that Defendant violated his probation terms. *See State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989).

**CONCLUSION**

For the same reasons set forth in the notice, we affirm the revocation of Defendant's probation.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**