775 P.2d 1321
**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Arthur MARTINEZ,**
**Defendant–Appellant.**

**No. 10752.**

Court of Appeals of New Mexico.

May 9, 1989.

Certiorari Denied June 16, 1989.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BIVINS, Chief Judge.

Defendant appeals the revocation of his probation for violation of conditions while on parole. He raises the following issues on appeal: (1) whether there was sufficient evidence to support revocation of probation; (2) whether the district court had jurisdiction to revoke probation while defendant was serving parole; and (3) whether the district court correctly calculated the sentence after revocation of probation. We affirm.

After defendant pled guilty to a robbery committed in 1986, the district court sentenced him to three years incarceration. The court suspended two years of the sentence and ordered defendant to be placed on probation for two years, to run consecutively to two years of parole, following

release from custody. The conditions of probation required, in part, that defendant not violate any of the laws of New Mexico, and that he report any arrest or charge to his probation officer within seventy-two hours of the incident.

On January 27, 1988, the state filed a motion to revoke defendant's probation, alleging that he had been arrested and charged with committing two armed robberies and had failed to report his arrest and charge within the specified time. After conducting an evidentiary hearing on the motion, the district court determined that the probation officer's hearsay evidence was insufficient to support revocation based on commission of the armed robberies. The court did, however, find that defendant failed to report his arrest, and accordingly revoked the probation.

### 1. *Sufficiency of Evidence*

■ Defendant argues there was insufficient evidence to support the revocation. The proof of a violation of a condition of probation need not be established beyond a reasonable doubt. *State v. Parsons*, 104 N.M. 123, 717 P.2d 99 (Ct.App.1986). The proof necessary is that which inclines a reasonable and impartial mind to the belief that a defendant has violated the terms of probation. *State v. Pacheco*, 85 N.M. 778, 517 P.2d 1304 (Ct.App.1973).

We review the trial court's decision to revoke probation under an abuse of discretion standard. *Humphrey v. State*, 290 Md. 164, 428 A.2d 440 (1981); *Flournoy v. State*, 589 S.W.2d 705 (Tex.Crim.App.1979). *See also* 3 W. LaFave & J. Israel, *Criminal Procedure* § 25.4(d), at 169 (1984). To establish an abuse of discretion, it must appear the trial court acted unfairly or arbitrarily, or committed manifest error. *State v. Kincheloe*, 87 N.M. 34, 528 P.2d 893 (Ct.App.1974).

■ In this case, the evidence shows that defendant was arrested December 31, 1987, which was the beginning of a long weekend. At the time of his arrest, defen-

dant asked if he could use the phone to call his probation officer. He was told that his probation officer had already left the office. Defendant did talk to another probation officer at the police station and was again told that his probation officer had left. Defendant testified he told that probation officer he had been arrested and needed to report to his probation officer. Defendant then testified he was unable to use the phone for four days. Evidence was also presented that defendant was arraigned within days after his arrest, at which time he was represented by a public defender. He did not ask the public defender to contact his probation officer because he thought it was already too late. Defendant's probation officer testified that defendant never notified him of the arrest. The probation officer conceded that he had been notified by police officers within seventy-two hours of the arrest.

Defendant argues that probation conditions should be read reasonably and with common sense. *See Arciniega v. Freeman*, 404 U.S. 4, 92 S.Ct. 22, 30 L.Ed.2d 126 (1971). He contends that the condition was satisfied by his talking to a probation officer as well as by the fact that his probation officer knew of the arrest. Defendant argues that he satisfied the spirit of the condition and that it would be unjust to revoke where his noncompliance was reasonable or where his compliance was impossible. *See People v. Bowman*, 73 A.D.2d 921, 423 N.Y.S.2d 242 (1980).

■ At a revocation hearing, defendant is entitled to present evidence and witnesses. *State v. Sanchez*, 94 N.M. 521, 612 P.2d 1332 (Ct.App.1980). Such evidence may be presented in an effort to convince the trial court that his failure to comply with conditions was through no fault of his own. *See State v. Parsons*. Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance. *Id.* If the trial court finds that his failure to comply was not willful, but resulted from factors be-

yond his control and through no fault of his own, then probation should not be revoked. *See Humphrey v. State.* However, if defendant fails to carry his burden, then the trial court is within its discretion in revoking.

The evidence is uncontroverted that defendant did not notify his probation officer within seventy-two hours of his arrest. Moreover, the evidence does not support defendant's argument that this failure was through no fault of his own. We recognize that the weekend of defendant's arrest was a long weekend. However, the probation officer testified that notification the following business day would have satisfied the condition. Nevertheless, defendant acknowledged that he did nothing after his initial attempt because he figured it was already too late.

We uphold the trial court's ruling on the ground that the evidence supports a finding that an unexcused violation occurred. We view the court's order as making that finding.

█ In probation violation hearings, the court has two separate functions, fact finding and disposition. *State v. Reyes,* 207 N.J.Super. 126, 504 A.2d 43 (1986). The court's disposition function is predictive and discretionary. *Id.* "It is the court's sound judgment that is invoked, and the exercise of that judgment will not be reversed on appeal unless it was mistakenly exercised." *Id.* at 137, 504 A.2d at 49. Although the violation here was not that substantial, we cannot say the trial court abused its discretion in deciding to revoke defendant's probation.

### 2. Jurisdiction to Revoke Probation

█ Defendant argues that the district court had no authority to revoke his probation while he was on parole prior to the commencement of his probation term. He argues that the court's action, although termed "revocation of probation," was in effect a revocation of parole, and that only the parole board has authority to revoke

parole. NMSA 1978, § 31–21–25(B)(1) (Repl.Pamp.1987). We agree that, while a defendant is on parole, he is under the authority of the parole board. NMSA 1978, § 31–21–10(D) (Supp.1988). We also agree that only the parole board has the power to revoke parole. However, that is not the issue here. This is not a question of parole revocation, but of probation revocation.

In *State v. Padilla,* 106 N.M. 420, 744 P.2d 548 (Ct.App.1987), this court held that the trial court may revoke probation for misconduct even though the probation term has not yet begun. This court stated that the sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence. *Id.* at 422, 744 P.2d at 550. In *Padilla,* the defendant was still serving his jail time when probation was revoked. It makes no difference in this case that defendant was no longer in jail but had been released on parole. *See Stafford v. State,* 455 So.2d 385 (Fla.1984) (trial court had jurisdiction to revoke probation for violation occurring while defendant was on parole before probationary period began). He was still serving a sentence that had not yet expired. Therefore, the trial court could revoke defendant's probation for violation of probation conditions while defendant was serving his parole. *See generally* Annotation, *Power of Court to Revoke Probation for Acts Committed After Imposition of Sentence But Prior to Commencement of Probation Term,* 22 A.L.R. 4th 755 (1983).

### 3. Correctness of Sentence

Finally, defendant argues that the amended order and commitment incorrectly determines credit for time served and incorrectly places defendant on parole for two years. Defendant argues that since the district court was revoking parole and making him serve the sentence for a parole violation, it could not then order him to complete two years of parole. However, as

we pointed out earlier, the district court had no authority to, and did not, revoke parole; it revoked probation. Therefore, the order committing defendant to serve the two years of probation in the penitentiary, to be followed by two years of mandatory parole, is correct.

■ Defendant also argues that he was given incorrect amounts of credit for time served. A defendant is allowed credit for time served on parole against his probation period, if he completes his parole term successfully. *See* NMSA 1978, § 31–20–5(B)(1) (Repl.Pamp.1987). Defendant argues that at the time of sentencing his parole had not been revoked, and consequently, his parole term was still being successfully served. Therefore, he argues credit should be given against his probation for time served on parole. That is what the district court did when it credited defendant with 161 days for time served. However, defendant argues that the court could not give him the original parole term without giving him credit for time served. Upon sentencing, the district court is required to impose a mandatory two-year parole period. NMSA 1978, §§ 31–18–15(C) (Repl.Pamp.1987), 31–21–10(C). The parole board, not the sentencing court, determines whether credit should be given toward a defendant's mandatory parole period for any time served. *See Conston v. New Mexico State Bd. of Probation & Parole*, 79 N.M. 385, 444 P.2d 296 (1968).

For these reasons, the revocation of defendant's probation and amended order and commitment are affirmed.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.