# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 28,925**

**BYRON TODD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Christopher J. Knight, Assistant Appellate Defender
Albuquerque, NM

for Appellant


## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from an order revoking his probation and imposing sentence and commitment. We issued a notice proposing to reverse and, pursuant to an

extension, the State has filed a timely memorandum in opposition. Having considered the arguments raised by the State and remaining unpersuaded, we reverse the order revoking Defendant's probation.

Initially, we note that there are three records in this case. Citations to the record proper are to district court case number CR-2000-02919. In his docketing statement, Defendant argued that there was insufficient evidence to revoke his probation on grounds that he had failed to pay restitution and probation costs. [DS 9] We proposed to agree in our notice of proposed summary disposition and the State has indicated that it does not oppose our proposed disposition on this issue. [MIO 1] Therefore, for the reasons set forth in our notice of proposed summary disposition, we reverse the district court's decision to revoke Defendant's probation on the ground that Defendant failed to pay restitution and probation costs.

Turning to his second issue, Defendant contends that the district court erred in finding that he willfully terminated himself from the counseling program. [DS 11] He claims that there was insufficient evidence showing willful termination because at the time Defendant rescinded his waiver of confidentiality, he had already been in custody for nearly three months and therefore counseling was discontinued due to his incarceration—not because he rescinded the confidentiality waiver. [DS 11]

In a probation revocation proceeding, the State bears the burden of establishing

2

a violation with reasonable certainty. *State v. Sanchez*, 2001-NMCA-060, ¶ 11, 130 N.M. 602, 28 P.3d 1143. To satisfy this burden, the State is required to introduce proof which would incline "a reasonable and impartial mind to the belief that a defendant has violated the terms of probation." *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). On appeal, this Court reviews the decision to revoke probation for an abuse of discretion. *See id.*

As a condition of probation, Defendant agreed to "participate in any mental health and sex offender counseling deemed appropriate by Probation Officer." [RP 41; DS 6-7] Defendant was directed to undergo sex offender counseling with Forensic Health Behavioral Associates, LLC (FHBA). [DS 3] As a condition of counseling, Defendant signed an FHBA Treatment Agreement (Agreement) which required him to waive confidentiality in order to participate in the FHBA program. [DS 4-5] The Agreement stated that violation of its requirements would result in notification to the probation officer or district attorney and "may result in termination from FHBA treatment program." [DS 5] It also provided that Defendant had the right to cancel a release of information by providing FHBA with a written notice. [DS 5] There was nothing explicit in the Agreement stating that cancellation of release of information would result in termination from the FHBA program. [DS 5-6]

Defendant was arrested and incarcerated on November 9, 2007, based on the

allegations contained in the State's initial motion to revoke his probation. [DS 12; see RP 73] In its motion, the State claimed that Defendant allegedly violated State laws by having criminal sexual contact with a minor and because Defendant failed to pay restitution and probation costs. [RP 73, 75-79] On February 1, 2008, Defendant's probation officer filed an addendum to the earlier motion, alleging that Defendant further violated his probation by violating his agreement to "enter, participate and successfully complete any mental health and sex offender counseling deemed appropriate by Probation Officer." [RP 83-87; DS 6-7] Defendant claims that the district court wrongfully revoked his probation based upon its finding that Defendant violated his probation by violating the agreement to enter, participate in, and successfully complete, counseling. [DS 11; RP 84-85, 94-95] We thus turn to the evidence in support of these findings.

In the addendum filed February 1, 2008, Defendant's probation officer stated that he was notified on January 31, 2008, that Defendant revoked his confidentiality waiver regarding the FHBA Treatment Agreement. [RP 84, 87; DS 7] He stated that it is the policy of FHBA to have offenders sign a release and Defendant's revocation of the waiver meant that he withdrew from FHBA's counseling program. [RP 84; DS 7] The probation officer went on to state that it was common practice of the probation unit to request that an offender's probation be revoked if he is unsuccessfully

4

discharged from FHBA counseling because at that point the offender is no longer attending treatment and may pose a greater threat to the community and the only other treatment that could be imposed would be that of therapeutic communities in the Department of Corrections. [RP 84; DS 7-8]

At the merits hearing, the probation officer's testimony was in keeping with the statements he made in the addendum. [MIO 5] On cross-examination, he acknowledged that FHBA counseling did not take place in jail and that counseling was not ongoing once Defendant was taken into custody. [MIO 5] He testified that no attempt had been made to provide Defendant with any counseling after he was incarcerated on the November 9, 2007, violations. [DS 13]

FHBA Agency Director Rodgers testified that all new clients are required to sign a release and, if they fail to do so, they are not accepted into treatment. [MIO 3] He further testified that Defendant's counseling was terminated upon receipt of the written notice of cancellation of the confidentiality waiver. [MIO 3; DS 12]

Rodgers acknowledged that FHBA does not provide any counseling to clients who are in jail or in prison. [DS 12] He also acknowledged that he did not believe there was any specific language in the Agreement stating that revocation of the confidentiality waiver would result in termination from the program. [MIO 4; DS 12]

In our previous notice, we proposed to hold that there was insufficient evidence

5

to support a determination that Defendant willfully failed to undergo counseling as recommended by his probation officer. Although mindful that it is the trial court's role to weigh the evidence and to make determinations as to credibility, *see State v. Mantelli,* 2002-NMCA-033, ¶ 57, 131 N.M. 692, 42 P.3d 272, we observed that the evidence indicated that counseling was stopped because Defendant was incarcerated—not because he rescinded the privacy waiver. Furthermore, we proposed to hold that the evidence does not show that Defendant knew his decision to rescind the privacy waiver would result in termination of counseling. We proposed to conclude that the State's evidence was insufficient under the applicable standard of proof to find with reasonable certainty that Defendant violated the conditions of his probation by willfully failing to participate in, and successfully complete, counseling. *See State v. Phillips*, 2006-NMCA-001, ¶ 17, 138 N.M. 730, 126 P.3d 546 (stating that the trial court's finding of a probation violation must be based on verified facts); *see also In re Bruno R.,* 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 ("To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof.").

In its memorandum in opposition, the State claims the evidence was sufficient to revoke Defendant's probation based upon violation of the counseling requirement.

[MIO 7-11] It notes that the district court specifically stated that it did not believe Defendant did not know that waiving confidentiality was a condition of treatment. [MIO 7] Instead, the district court found that Defendant knew that by revoking his confidentiality waiver, treatment would terminate. [MIO 7] It further notes that Defendant never testified as to his lack of understanding of the FHBA agreement or that he was unaware that revocation of the Agreement would terminate his treatment. [MIO 7-8]

We are unpersuaded that these findings warrant affirmance of the revocation given the lack of evidence introduced at the hearing showing that Defendant's failure to participate in and successfully complete counseling was due to the revocation of the confidentiality agreement instead of Defendant's incarceration. We are unpersuaded of this given the uncontradicted testimony showing that Defendant's treatment terminated as soon as he was incarcerated. Moreover, we are unconvinced that FHBA's failure to formally terminate Defendant's treatment when he was incarcerated until after he rescinded the confidentiality waiver warrants a different result given that it is undisputed that it was the incarceration itself that interrupted the counseling. [MIO 9] It is not clear that counseling could not have continued once Defendant was released from prison if he was presented with the choice at that point of either signing the waiver or being in violation of the probation agreement.

7

**CONCLUSION**

The State has conceded that there was insufficient evidence to establish that Defendant failed to pay probation costs or restitution. Moreover, the record does not support the district court's finding that Defendant violated the conditions of probation by willfully failing to complete counseling. Therefore, we reverse the district court's order revoking Defendant's probation.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**



_____
**ROBERT E. ROBLES, Judge**