IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **NO. 29,176**

**CLARYN C.,**

    Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Francine A. Chavez, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Stephen Taylor, Assistant Public Defender
Aztec, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Child appeals the revocation of her probation. In our notice, we proposed to reverse on the basis that the State had not presented evidence of a wilful failure to comply with probation requirements. The State has timely responded. We have

considered its arguments. Finding them unpersuasive, we reverse.

Child's sole issue on appeal is the sufficiency of the evidence to support the determination that she violated the terms of her probation. In our first notice, we proposed to reverse on the basis that there did not appear to be any evidence of wilful conduct on the part of the Child. The State makes two arguments in its response.

First, it argues that we improperly placed the burden on the State to prove that the violation was wilful. [MIO 4-5] In fact, the burden of proof is always upon the State to prove that there was a wilful violation of a probation agreement. *See State v. Parsons*, 104 N.M. 123, 127, 717 P.2d 99, 103 (Ct. App. 1986). After the State presents a prima facie case of a violation, the burden then shifts to the defendant to come forward with evidence that the failure to comply was through no fault of her own. *See State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). There is no shifting of the burden of proof, but a shifting of the burden of going forward with evidence to meet or rebut a presumption that has been established by the evidence. *See Mortgage Iv. Co. of El Paso v. Griego*, 108 N.M. 240, 243-44, 771 P.2d 173, 176-77 (1989) (explaining the difference between the burden of persuasion and the burden of going forward with evidence).

Here, the burden was upon the State to prove, beyond a reasonable doubt, that Child violated the conditions of her probation. NMSA 1978, § 32A-2-24(B) (1993).

The case law is clear that a probation violation must be wilful. *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 399. Here, the State sought to revoke Child's probation because she had been negatively discharged from Treatment Foster Care. [RP 42] The State was required to prove beyond a reasonable doubt that Child wilfully failed to complete Treatment Foster Care but argues only that the evidence presented by the witness from foster care was that "Child did not complete Treatment Foster Care and was discharged." [MOP 4] We have described a wilfulness requirement as "proof that the person acted intentionally in the sense that he was aware of what he was doing." *State v. Sheets*, 94 N.M. 356, 366, 610 P.2d 760, 770 (Ct. App. 1980). Wilfulness suggests a conscious, purposeful act. *See State v. Rosaire*, 1996-NMCA-115, ¶ 16, 123 N.M. 250, 939 P.2d 597.

Here, evidence was presented that Child did not complete the Treatment Foster Care program, but had in fact been discharged. [Id.] It does not appear that there was any testimony showing the Child had engaged in some conscious, purposeful act resulting in her discharge. Rather, the evidence simply noted that she had been discharged. We cannot assume that her discharge was the result of some intentional act on her part, such as absconding from the program. There is no evidence showing that her discharge was caused by some wilful act on Child's part. Thus, we conclude that the State failed to satisfy its burden of persuasion.

We recognize the State's second argument that the reasons in this case for the discharge could not be disclosed to the court because they were based on confidential information. We are unconvinced that the State is left with nothing upon which to explain Child's discharge from the treatment program. However, their citations to NMSA 1978, Sections 32A-2-32 (1993) and 32A-2-14(A) (2003) point us to statutes explicitly allowing the disclosure of information to district attorneys, law enforcement and the courts.

We conclude that the State has not been put to an impossible burden of establishing wilfulness on the part of a probationer who fails to comply with probation requirements. Wilfulness can always be shown by intentional, conscious conduct. The State must simply show that the probationer intentionally did some act that resulted in a violation of the terms of her probation. In this case, it failed to make that showing.

Therefore, for the reasons stated herein and in the calendar notice, we reverse for insufficient evidence.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

4

_____
**CYNTHIA A. FRY, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**