This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 29,882**

**MARCUS RAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Robert S. Orlik, District Judge**

Hugh Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellee

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals the revocation of his probation. [MIO 1] We proposed to affirm in a notice of proposed summary disposition, and pursuant to an extension,

Defendant has filed a timely memorandum in opposition. After considering Defendant's arguments and remaining unpersuaded, we affirm the order revoking Defendant's probation and remanding him to the Department of Corrections to serve the remainder of his term.

In a probation revocation proceeding, the State bears the burden of establishing a violation with reasonable certainty. [MIO 6] *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. To satisfy its burden, the State must introduce proof which would incline "a reasonable and impartial mind" to believe that the defendant violated the terms of probation. *Id.* "The proof of a violation of a condition of probation need not be established beyond a reasonable doubt." *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). On appeal, we review the district court's decision to revoke probation for an abuse of discretion. [MIO 6] *Id*.

As discussed in our previous notice, among other conditions, Defendant's probation order required him to register as a sex offender, to notify his probation officer if he moved, and to wear an ankle bracelet. [RP 71-72, 74-76; *see generally* MIO 2-4] Testimony was introduced at the probation revocation hearing that Defendant: (1) failed to register as a sex offender because he failed to submit an address change; (2) moved without notifying his probation officer; and (3) cut off his

electronic monitor. [MIO 5; DS 2; RP 111-112] Defendant admitted that he cut off the ankle monitor and missed his appointment to register as a sex offender. [MIO 5]

Based upon the testimony introduced at the revocation hearing, there was sufficient evidence for a reasonable mind to believe that Defendant had violated the terms and conditions of his probation. Therefore, we affirm the district court's order revoking Defendant's probation and remanding him to the custody of the Department of Corrections to serve the remainder of his term.

**IT IS SO ORDERED**.


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Judge**


_____

**TIMOTHY L. GARCIA, Judge**