This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NO. 32,292 & 32,291**
**(consolidated)**

**ANTHONY VIGIL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Anthony Vigil appeals an order of the district court revoking his probation. Because sufficient evidence to establish with a reasonable certainty that Defendant consumed alcohol in violation of his probation was presented to the district court, we affirm.

**BACKGROUND**

{2}     In 2011, Defendant had two criminal cases pending against him, one for larceny and receiving stolen property, and the other for DWI (7th or greater offense) and related traffic offenses. Defendant agreed to plead guilty to larceny and DWI (4th offense) in exchange for guaranteed concurrent probationary sentences and dismissal of the remaining charges. He was placed on supervised probation for three years beginning June 27, 2011. Defendant signed an order of probation, agreeing to abide by the following pertinent terms: (1) "STATE LAWS: I will not violate any of the laws or ordinances of the State of [New Mexico], or any other jurisdiction. I shall not endanger the person or property of another" and (2) "ALCOHOL: I shall not possess, use or consume any alcoholic beverages."

{3}     On August 13, 2011, while on probation, Defendant was a passenger in his truck driven by his girlfriend, Katherine Houk, when she lost control and flipped the vehicle, causing her serious injuries. Defendant was not at the scene when police arrived. Moreover, police discovered unopened beer cans in the truck, and they could

smell alcohol within the truck, making them suspect that Defendant was the driver. On August 25, 2011, the State filed a motion to revoke Defendant's probation for violating the above provisions.

{4}     At the revocation hearing, Ms. Houk testified that she and Defendant were drinking alcohol at his boss' house the evening before the accident and that they both had one beer on the morning of the accident. She said that she and Defendant were traveling in his truck on an errand to cash his pay check the morning of the accident, although she could not remember who was driving. She admitted to losing memory of some of the events leading up to the accident as a result of her injuries.

{5}     The investigating officer, Officer Duran, also testified. He explained that his investigation revealed that Ms. Houk had been driving the vehicle because the driver's side had blood on it and she was the only one bleeding. Officer Duran said he questioned Defendant in October of 2011 about the accident and recorded the interview. He stated that Defendant told him that Ms. Houk was driving his truck at a high rate of speed. Officer Duran also said that Defendant admitted to drinking alcohol the night before the accident, but that this admission occurred before he had initiated the recording. Another State witness testified that he had not seen Defendant drink any alcohol at the gathering the night before the accident, though he was not paying attention.

3

{6}     The district court found that Defendant "did consume alcoholic beverages and endangered the person of Katherine Houk" and entered an order revoking Defendant's probation. The court based its finding that Defendant consumed alcohol on Ms. Houk's testimony that she saw him drink and Officer Duran's testimony that Defendant admitted he drank. The court based its endangerment finding on the testimony that Ms. Houk had been consuming alcoholic beverages, that while under the influence of alcohol she drove the vehicle in Defendant's presence, and that the vehicle belonged to Defendant and thus he had the right to either deny or allow her to drive the vehicle. After Defendant underwent a diagnostic evaluation, the district court sentenced Defendant to a total of four years incarceration, with his three-year sentence enhanced by one year pursuant to the habitual offender enhancement. Defendant appeals the revocation of his probation.

**DISCUSSION**

**Sufficiency of the Evidence Supporting the Probation Revocation**

{7}     "[T]he evidentiary requirement for violation of probation is that the violation be established with reasonable certainty." *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. "The proof must be that which inclines a reasonable and impartial mind to the belief that defendant had violated the terms of probation." *Id.* (internal quotation marks and citation omitted). The proof "need not be established

4

beyond a reasonable doubt." *State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321.

{8} "We review the trial court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear the trial court acted unfairly or arbitrarily, or committed manifest error." *Id.* ¶ 5 (citations omitted).

**1. Endangering the Person of Ms. Houk**

{9} Defendant challenges the finding that he violated condition one related to endangering Ms. Houk by challenging (1) the constitutionality of the condition, and (2) the sufficiency of the evidence that he endangered Ms. Houk.

**a. Constitutional Arguments**

{10} Defendant raises two constitutional challenges regarding the revocation of his probation for violating condition one. First, he asserts that the State failed to provide sufficient notice it intended to revoke his probation for endangering Ms. Houk. Second, he argues that the condition is unconstitutionally vague because it fails to provide fair notice of what conduct is prohibited.

{11} Defendant argues that the probation violation report failed to give him notice regarding the allegation of endangerment of Ms. Houk's because the report incorrectly stated that he was arrested for leaving the scene of the accident, rather than alleging he endangered Ms. Houk by letting her drive his truck while intoxicated. However,

Defendant acknowledges that the report includes language from condition one regarding the promise not to endanger another. He also acknowledges that the State moved to continue the revocation hearing at one point so that it could present a witness that would testify how Defendant failed to comply with condition one "by endangering" Ms. Houk. The State responds that Defendant failed to raise the notice issue in the district court, and in any event, that Defendant had sufficient notice.

{12}     Regardless, Defendant maintains that condition one cannot be enforced as it is unconstitutionally vague. Defendant claims that the language in condition one fails to provide fair notice as to what behavior is prohibited because what it means to "endanger" a person, particularly an adult, is unclear. He argues that the condition is not defined with sufficient definiteness to inform citizens of the prohibited conduct and to prevent law enforcement from arbitrary and discriminatory enforcement. The State again responds that Defendant failed to raise any of these arguments at the revocation hearing. The State points out that defense counsel's argument below was that there was no evidence Defendant knew Ms. Houk was intoxicated, not that he did not know that letting her drive his truck while intoxicated would endanger her.

**b.     Sufficiency of the Evidence Argument**

{13}     Defendant also argues that the State nonetheless failed to present sufficient evidence to establish with reasonable certainty that Defendant violated condition one

6

by endangering Ms. Houk. He asserts that there was no evidence to suggest that he acted with "willful disregard" of Ms. Houk's safety or that he placed her in a situation which resulted in a "reasonable probability or possibility that she would be endangered." He points out that Ms. Houk, an adult, chose to drink and drive and contends he was merely a passenger and did not cause the accident. Thus, Defendant asserts, he committed no act or omission that could form the basis of revoking his probation for violating condition one. The State responds that proof of a probation violation does not equate to proof required to prove the commission of a criminal offense and that proving Defendant knowingly allowed Ms. Houk to drive his vehicle, knowing she had been drinking alcohol, was sufficient to prove a probation violation in this case.

**{14}** All of these issues are challenging and raise several questions regarding the court's determination that Defendant violated condition one by endangering Ms. Houk. However, we need not resolve them here because we affirm the district court's order based on the sufficiency of the evidence that condition two was violated with reasonable certainty. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[I]f there is sufficient evidence to support just one violation, we will find the district court's order was proper."), *cert. quashed*, 2013-NMCERT-010, 313 P.3d 251.

**2.    Consuming Alcohol**

7

{15}     Defendant also challenges the credibility of the State's evidence that he consumed alcohol in violation of his probation. He asserts that Ms. Houk was intoxicated when she allegedly saw Defendant consume alcohol and had suffered head trauma that affected her memory and that Officer Duran did not have a recording of Defendant's alleged admission to consuming alcohol.

{16}     The State responds that the testimony of Ms. Houk and Officer Duran is sufficient to support the district court finding that Defendant consumed alcohol. We agree. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder (in this case, the judge) to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). Ms. Houk testified she saw Defendant drink alcohol and Officer Duran testified that Defendant admitted to drinking alcohol. Defendant presented his case at the hearing, attacking Ms. Houk's memory and Officer Duran's credibility. By concluding that Defendant consumed alcohol, the district court necessarily found the testimony regarding his consumption of alcohol to be credible and we refuse to disturb that finding.

**CONCLUSION**

{17}     The order of the district court revoking Defendant's probation is affirmed.

{18}     **IT IS SO ORDERED**.

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**