This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **NO. 34,407**

**NATHAN E. GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals from the revocation of his probation. [RP 173] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

{2}     Defendant continues to argue that the evidence was insufficient to support his probation revocation. [DS 6; MIO 4; RP 173] *See generally State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (recognizing that finding of a probation violation must be based on facts sufficient to prove the violation of probation by a "reasonable certainty"). Among other probation conditions, Defendant's order of probation included the condition that he not violate any laws or ordinances. [RP 109, 134, 136, 141, 144] For the reasons detailed in the notice, we hold that the evidence was sufficient to support the district court's conclusion to a reasonable certainty that Defendant violated this probation condition based on his possession of a stolen motorcycle. *See State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321 (providing that we review the district court's decision to revoke probation under an abuse of discretion standard).

{3}     In concluding that the district court did not abuse its discretion in revoking Defendant's probation, we continue to acknowledge Defendant's assertions that the motorcycle was not stolen [MIO 5], that he had instead borrowed the motorcycle from Michelle Salazar [MIO 5], and that he had nevertheless driven a different

motorcycle to the store as opposed to the stolen motorcycle. [MIO 5] However, the factfinder was free to reject Defendant's version of the events and instead consider other evidence, as detailed in the notice, which contradicted Defendant's version of the events. *See generally State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (holding that the factfinder is free to reject the defendant's version of events). Similarly, we again acknowledge Defendant's view that Officer Benner's testimony lacked credibility because the Officer did not control the cameras and could not explain how the surveillance equipment worked so to as to allow an accurate and uninterrupted presentation. [MIO 6] This, however, was a matter of weight for the factfinder to consider. *See generally State v. Ryan*, 2006-NMCA-044, ¶ 20, 139 N.M. 354, 132 P.3d 1040 ("It is the factfinder's prerogative to weigh the evidence and to judge the credibility of the witnesses.").

{4}    To conclude, for the reasons set forth in our notice and above, we affirm.

{5}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

3

_____
**CYNTHIA A. FRY, Judge**