This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                            **No. 34,688**

**JON MANUEL MORA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge-Pro Tem**

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellee


Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

**{1}** Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to reverse. The State has filed a memorandum in opposition. Not persuaded by the State's memorandum, we reverse the district court.

**{2}** In this appeal, Defendant has challenged the sufficiency of the evidence to support the revocation of his probation. Initially, we reject the State's position that this case is moot because Defendant has served his full sentence. [MIO 4] Our disagreement with the State is due to the fact that the revocation of probation in this case could be viewed negatively by any court considering the option of probation in any future criminal proceeding involving Defendant. *See generally State v. Sergio B*., 2002-NMCA-070, ¶ 10, 132 N.M. 375, 48 P.3d 764 (observing that courts will address merits of case that is otherwise moot where there may be future collateral consequences).

**{3}** With respect to the merits, "[in] a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R*.,

2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{4}    The district court found that Defendant violated the condition of probation relating to Defendant's association with other individuals. [RP 128, 130] Specifically, this condition of probation prohibited Defendant from associating with people "identified" by Defendant's probation officer to be "detrimental" to his probation supervision. [RP 128] In this case, it appears that the court based its finding on the presence in Defendant's residence of a woman who had drugs in her purse. The district court did not find that Defendant knew about the drugs, or that he was aware of information indicating that he should not associate with her. Instead, the district court determined that Defendant had an affirmative obligation to inquire about individuals he associated with to make sure that they were not "detrimental" to probation. [MIO 8] However, the State's position in effect expands the requirement that a violation be willful to include situations where a defendant is negligent. As explained above, our case law is clear that there must be a willful violation, and in the absence of express language requiring Defendant to have made inquiries to his associates, we believe the district court erred. Although the State contends that

Defendant could have simply asked the woman if she had drugs [MIO 10], the definition of "detrimental" is so broad, that a defendant would have to protect himself by having a checklist of questions to ask each person he associates with. Again, in the absence of any evidence indicating that Defendant knew that the woman was "detrimental," we conclude that the evidence is insufficient to support the revocation.

{5}	For the reasons set forth above, we reverse.

{6}	**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**

4