This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v. **No. 34,439**

**GABRIEL BEJARANO**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**J. C. Robinson, District Judge**

Hector Balderas, Attorney General
Santa Fe, NM

for Appellees

Jorge Alvarado, Chief Public Defender
Santa Fe, NM
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1} Defendant appeals the revocation of his probation. We issued a notice of proposed disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. We have carefully considered the arguments raised in the memorandum in opposition, but continue to believe that affirmance is the correct result in this case. Therefore, for the reasons stated below and in our notice of proposed disposition, we affirm.

{2} The sole issue Defendant has raised on appeal is a challenge to the sufficiency of the evidence supporting the district court's decision. As we discussed in the notice of proposed disposition, proof of a probation violation need not be established beyond a reasonable doubt. *State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321. Instead, the violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. Furthermore, in reviewing the district court's decision to revoke probation, we apply an abuse of discretion standard and determine only whether the district court acted

unfairly or arbitrarily, or committed manifest error. *Martinez,* 1989-NMCA-036, ¶ 5. Our notice proposed to find that the evidence presented in this case was sufficient to meet the above standard.

{3}    In preparing the memorandum in opposition, appellate counsel has taken the steps necessary to ascertain just what evidence was presented at the revocation hearing, which was necessary given the deficient docketing statement. We commend appellate counsel for the manner in which she has carried out her professional responsibilities and her duty as an officer of the court. According to the memorandum, the following evidence, viewed in the light most favorable to the State, was presented at the revocation hearing: (1) Defendant's brother testified that Defendant had been drinking alcohol and struck the brother in the face after he refused to give Defendant money; (2) Defendant's probation officer testified that Defendant had refused to make an effort to obtain employment, failed to report to her, and failed to complete his required hours of community service; (3) Defendant testified that he only struck his brother in self-defense; and (4) Defendant also testified that he did report to his probation officer a few times, but not since he had been put back in jail following the incident with his brother.

{4}    The memorandum in opposition also indicates that at the hearing the district court orally based its revocation decision on only three factors, which were

Defendant's refusal to be employed, his refusal to report to his probation officer, and his refusal to complete community service. When the written order was entered, however, Defendant's alleged consumption of alcohol and his alleged violation of state laws (striking his brother) were also included as grounds for the revocation. Defendant argues that these additional two bases should be disregarded, as they should be considered clerical errors that occurred when the State drafted the revocation order that was signed by the judge. We need not decide how to treat the difference between the district court's oral pronouncements and the final order signed by that court, because as discussed below the remaining evidence is sufficient to support the district court's decision.

{5}     Defendant contends that the only evidence of his failure to obtain employment and his failure to report to his probation officer is that officer's testimony. However, he does not explain why that testimony is not sufficient to establish the violations. The testimony about employment was based on the officer's conversations with Defendant, which are admissible as admissions by a party-opponent. *See* Rule 11-801(D)(2). The testimony about Defendant's failure to report to the officer is based on the officer's personal observations about when Defendant did or did not comply with the reporting requirement. In addition, we note that Defendant's own testimony, to the effect that he reported to the officer "a few times," can be construed to establish

4

that he did not report as often as he was required to. Similarly, Defendant's failure to present evidence contradicting the assertion that he had failed to look for employment supports the district court's finding in that regard. We therefore hold that the probation officer's testimony, in conjunction with the other evidence mentioned above, was sufficient to establish that Defendant failed to obtain employment and to report to the probation officer as often as he was required.

**{6}** As for the community-service requirement, Defendant argues that he completed twelve hours out of a total requirement of fifteen hours of such service, thus showing a good-faith effort to comply with the requirement. We point out, however, that the community-service requirement was fifteen hours per week, not total, and that Defendant completed only twelve hours total. In other words, Defendant completed only twelve hours out of the ninety hours that he was required to perform. Contrary to his argument, therefore, he fell far short of demonstrating a good-faith effort to complete his community-service requirement.

**{7}** Based on the foregoing discussion as well as that set out in the notice of proposed disposition, we hold that substantial evidence was presented to support the district court's revocation of Defendant's probation. We therefore affirm the district court's decision.

**{8}** **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**M. MONICA ZAMORA, Judge**

6