This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellee,**

**vs.**         **No. 34,817**

**FIDEL ARAGON,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a timely

memorandum in opposition. We affirm.

{2}     Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. [MIO 4] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{3}     The district court found that Defendant violated two conditions of probation. [RP 127]. Condition No. 1 required Defendant to comply with all laws, and not to endanger another person. [RP 112] Our calendar notice relied on the record, which indicated that Defendant was involved in an incident of domestic violence. [RP 112] In his memorandum in opposition, Defendant informs us that a woman testified concerning this incident. [MIO 2] She testified that she and Defendant were living together at the time, and that Defendant physically attacked her. [MIO 2-3] There was also testimony that Police responded to the residence, and that Defendant was

2

subsequently charged with battery against a household member. [MIO 3] Based on this evidence, we believe that there was sufficient evidence presented under the aforementioned "reasonably certainty" standard.

{4} Condition No. 3 of probation required Defendant to get permission from his probation officer before he changed his residence. The record indicates that Defendant left his residence shortly after the domestic violence incident, before the police arrived, and two days later was found by police at a new apartment. [RP 112] Defendant argues that there was no evidence that he was now living at this apartment. [MIO 5] However, the evidence supports a reasonable inference that Defendant had fled the residence on file with the probation officer. In light of the domestic violence incident and the flight, a factfinder could infer that the residence he had shared with his girlfriend was no longer his residence. In other words, the change of address notification provision encompasses a situation where a probationer is no longer residing at the specified residence, and the State does not have to prove that a different, permanent residence had been substituted.

{5} For the reasons set forth above, we affirm.

{6} **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

3

**WE CONCUR:**

_____
**RODERICK T. KENNEDY Judge**

_____
**M. MONICA ZAMORA, Judge**