This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **No. A-1-CA-36743**

**DIEGO RASCON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}	Defendant appeals from the district court's first order revoking his probation, imposing the habitual offender enhancement, committing him to the Department of

Corrections, and reinstating probation. On appeal, Defendant challenges the sufficiency of the evidence to support the district court's finding that Defendant willfully violated his probation. This Court issued a calendar notice proposing to affirm the revocation of Defendant's probation. In response, Defendant has filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm.

{2} In this Court's calendar notice we detailed the evidence in Defendant's docketing statement and proposed to conclude that the evidence was sufficient to incline "a reasonable and impartial mind to the belief that a defendant has violated the terms of probation." [CN 2 (quoting *State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321)] We further proposed to conclude that the evidence presented was sufficient to establish that Defendant had knowingly and willfully engaged in a pattern of conduct that violated his conditions of release. [CN 4-5] As a result, we proposed to affirm.

{3} In response, Defendant maintains that there was insufficient evidence to support the district court's determination that he willfully violated the terms of his probation. However, Defendant's argument remains premised on challenging the weight and credibility the district court placed on certain testimony and evidence. Because our appellate courts do not reweigh evidence or reassess credibility, *see State v. Garcia*,

2

2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guess[ing] the jury's decision concerning the credibility of witnesses, reweigh[ing] the evidence, or substitut[ing] its judgment for that of the jury." (alterations in original) (internal quotation marks and citation omitted)), Defendant's argument is unpersuasive.

{4}     Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm the revocation of Defendant's probation.

{5}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**STEPHEN G. FRENCH, Judge**


_____
**EMIL J. KIEHNE, Judge**