This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40715**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSEPH ROCHA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raul Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Second, Eleventh, and Twelfth Judicial District Courts in In re Pilot Project for Criminal Appeals, No. 2022-002, effective November 1, 2022 (the Administrative Order). Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order, we affirm for the following reasons.

**{2}** Defendant is appealing from an order revoking his probation. On appeal, Defendant's sole issue challenges the sufficiency of the evidence to support revocation. [BIC 6] "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{3}** Here, the State's petition to revoke probation alleged that Defendant violated Condition 1 of his probation order by failing to follow the law because he committed aggravated battery against a household member, assault and harassment. [RP 141-143; BIC 2] The district court found that Defendant violated his probation by committing battery against a household member and disorderly conduct. [RP 184]

**{4}** Our review of Defendant's brief and the testimony reflected in the audio tape log indicate that sufficient evidence of battery against a household member was presented. Specifically, Defendant's former girlfriend, who is the mother of his child, testified about threats made against her by Defendant, culminating in an incident where Defendant grabbed her cellphone and stabbed her in the hand or otherwise intentionally used force against her in an angry manner. [RP 182] This was sufficient to support revocation based on battery against a household member. *See* NMSA 1978, § 30-3-15(A) (2008); NMSA 1978, § 30-3-11(A) (2018) (including co-parent in definition of household member).

**{5}** Defendant concedes that the State presented evidence that Defendant committed battery, but he claims that there has only been a probable-cause-based indictment in the parallel criminal proceeding. [BIC 9] However, a probation violation does not require proof beyond a reasonable doubt. *See State v. Martinez*, 1989-NMCA-036, ¶ 4 (observing that "proof of a violation of a condition of probation need not be established beyond a reasonable doubt," but rather, must merely incline a "reasonable and impartial mind to the belief that [the] defendant has violated the terms of probation"). Regardless of whether an indictment involves a separate showing of proof, based on the probable cause standard, we conclude that the State presented sufficient evidence to support the reasonable certainty standard that is applicable to probation revocations.

**{6}** We also do not deem it necessary to consider Defendant's challenge to the sufficiency of evidence of disorderly conduct. [BIC 7-9] We may affirm the district court based on our conclusion that there was sufficient evidence to support the battery alternative. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that sufficient evidence to support a single probation violation supports affirmance of a district court's revocation of probation).

**{7}** For the reasons set forth above, we affirm.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**