This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40589**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSE GRANADO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** The opinion filed on August 8, 2023, is hereby withdrawn, and this opinion is substituted in its place, following Defendant's timely motion for rehearing, which this Court has denied. This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief,

this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm Defendant's probation revocation but we remand for the district court to recalculate and apply the amount of sentencing credit Defendant is entitled to receive in this case.

{2}     Defendant appeals from a district court order revoking his probation and resentencing him pursuant to his underlying judgment and sentence. On appeal, Defendant challenges the sufficiency of the evidence to support the probation violation, and he claims that the term of imprisonment imposed by the district court exceeds his sentence because it does not award him sufficient sentencing credit.

**Sufficiency of the Evidence**

{3}     Defendant challenges the sufficiency of the evidence to support the revocation of his probation. [BIC 9] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{4}     Here, the State filed an amended petition for a second probation violation, alleging four separate violations, including the failure to complete the La Pasada Program. [2 RP 269] The district court dismissed three of the allegations and only relied on the allegation involving La Pasada. [RP 308] We also observe that the State did not have to prove the failure to obey the law beyond a reasonable doubt. *See Martinez*, 1989-NMCA-036, ¶ 4 (observing that "proof of a violation of a condition of probation need not be established beyond a reasonable doubt[,]" but rather, must merely incline a "reasonable and impartial mind to the belief that the defendant has violated the terms of probation").

{5}     In support of the La Pasada allegation, Mr. Darrell Agnes testified that he is the program director and that he personally dismissed Defendant from the program based on his unauthorized use of an EBT card—conduct that permits finding of willfulness. [RP 307] The district court specifically found Mr. Agnes's testimony to be credible. [RP 308] This testimony was sufficient to support the revocation of Defendant's probation, including a determination that Defendant's actions were willful. *See Leon*, 2013-NMCA-011, ¶ 36 (stating that "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non[]compliance" (internal quotation marks and citation omitted)).

**Term of Imprisonment**

**{6}** Defendant claims that the district court improperly calculated sentencing credit, resulting in a remaining sentence that would exceed his original sentence. [BIC 14] Defendant calculates that he is entitled to approximately 5 years of credit. [BIC 16] The State agrees that the sentence needs to be recalculated under the facts of this case. [AB 24-27] The State calculates that Defendant is entitled to 4.8 years of credit. [AB 25] We therefore consider remand to be necessary in this case for the district court to recalculate the amount of credit to be awarded to Defendant.

**{7}** For the reasons set forth above, we affirm the revocation of Defendant's probation and remand to the district court to conduct a recalculation of sentencing credit that is due in this case.

**{8}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**