This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

**Plaintiff-Appellee,**

**v.**                                                    **No. 34,940**

**JESUS JOSE LINAM,**

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2} Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{3} Here, Defendant apparently did not contest the State's claim that he violated probation conditions, including the duty to report. [DS 4] Instead, Defendant claimed that he did not know that he was still on probation after the district court issued an order on the first probation violation. [DS 4-5] In other words, Defendant is challenging the sufficiency of the evidence with respect to the willfulness of the violations. The record indicates that Defendant's initial probation violation resulted in an order that continued probation. [RP 53] Notwithstanding the express language of the order, Defendant apparently argued at the second probation hearing that he thought that he was no longer on probation. [DS 4-5] However, in addition to the

2

order on the first probation violation, the district court reviewed the transcript of the sentencing hearing on the first probation violation. [DS 5] The transcript indicated that the judge at that hearing had told Defendant that his probation would be reinstated after a period of incarceration. Given this evidence, we conclude that there was sufficient evidence to show that Defendant willfully violated probation as alleged in the second motion to revoke probation. *Cf. State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the factfinder is free to reject a defendant's version of events).

{4}    For the reasons set forth above, we affirm.

{5}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**JONATHAN B. SUTIN, Judge**