This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                             **No. 35,801**

**ANTHONY RAEL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**David N. Williams, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant Anthony Rael appeals from the district court's order revoking probation. This Court entered a calendar notice proposing to affirm the district court.

Defendant filed a memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}     Defendant appeals the district court's order on the basis that it erred in admitting the victim's prior inconsistent testimony as substantive proof in his probation violation hearing over objection by the defense. [MIO 2] This Court's calendar notice proposed to affirm on the grounds that, under Rule 11-1101(D)(3)(d) NMRA, the rules of evidence do not apply to "granting or revoking probation." *See State v. Green*, 2015-NMCA-007, ¶ 30, 341 P.3d 10 (reiterating that the "rules of evidence do not apply during probation revocation hearings"). Defendant now more specifically asserts that the district court failed to provide a minimum of due process when it relied solely on hearsay evidence as substantive proof that Defendant violated his probation. [MIO 5] To the extent Defendant argues the issue differently than originally raised and argued in the docketing statement, we construe it as a motion to amend the docketing statement.

{3}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not

originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{4}     Recognizing that the Rules of Evidence do not apply in revocation proceedings, Defendant argues that due process nevertheless dictates the bounds of evidence admission and exclusion in probation revocation proceedings. [MIO 5-6] Defendant further argues that without the victim's hearsay statements that Defendant caused her injuries, the only substantive evidence presented was the victim's testimony denying that Defendant was the perpetrator. [MIO 8] Defendant contends that the district court erred in discounting the only substantive evidence before it—the victim's testimony denying Defendant was the perpetrator—with impeachment evidence—her prior inconsistent statements—in order to revoke probation. [Id.]

{5}     According to the memorandum in opposition, however, the victim's testimony was not the only substantive testimony. Two officers, the victim's mother, and the victim's uncle all testified at the hearing that immediately following the incident the

3

victim identified Defendant as the perpetrator. [MIO 2-4] While we understand Defendant's argument to be that the other witness's testimonies were hearsay, we reiterate that the "rules of evidence do not apply during probation revocation hearings." *Green*, 2015-NMCA-007, ¶ 30. Moreover, the victim herself also admitted that she made detailed statements identifying Defendant as the perpetrator that were recorded on the officer's lapel video. [MIO 2] It appears from the memorandum in opposition that the lapel video was admitted as an exhibit. [Id.] The victim also acknowledged in her testimony recorded jail calls between her and Defendant in which she concocted a plan to get the charges against Defendant dropped. [MIO 3] Based on all the evidence presented at the hearing the district court determined that the victim was not credible and, as the district court was in the best position to determine the credibility of the witnesses, we will not reweigh that credibility determination. *See State v. Guthrie*, 2011-NMSC-014, ¶ 22, 150 N.M. 84, 257 P.3d 904 (recognizing that on appeal we defer to the district court's factual findings in probation revocation proceedings); *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 ("As a reviewing court we do not sit as a trier of fact; the district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses.").

{6} While the full scope of rights afforded to a defendant in a criminal trial do not apply to probation violation proceedings, we recognize that basic due process rights, including "at a minimum, notice and an opportunity to be heard[,]" are nevertheless required. *Guthrie*, 2011-NMSC-014, ¶¶ 10, 14 ("Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." (alterations, internal quotation marks, and citation omitted)). "The right protected in probation revocation[ cases] is not the [S]ixth [A]mendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment." *Id.* ¶ 12. Among the components of due process is the right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing confrontation within the meaning of the Fourteenth Amendment. *See id.* {7}

However, in cases recognizing such a due process right, at issue are circumstances where the state completely fails to produce a witness. *Id.* ¶¶ 40-41; *State v. Castillo*, 2012-NMCA-116, ¶ 2, 290 P.3d 727 (applying *Guthrie* and concluding "that [the d]efendant's Fourteenth Amendment right to due process was violated by the district court's allowance of testimony regarding [the d]efendant's polygraph results by someone other than the person who actually administered and interpreted the polygraph test" in the probation revocation hearing). For example, in

5

*Guthrie*, and the case discussed therein, "probation officers who had not personally supervised the probationers presented the only live testimony in support of revocation." *Guthrie*, 2011-NMSC-014, ¶ 17. In contrast, here, the State produced the victim as well as other witnesses and Defendant had the opportunity to confront them. *See id.* ¶¶ 33, 38 (noting that where the state needs to prove a contested allegation based on subjective interpretation, to ensure the reliability of the accusation, it needs to produce and make the witness available for cross-examination, and that in situations where "the violation is that the probationer is alleged to have *committed* a crime, but has not yet been convicted, . . . we would be hard pressed to envision a situation in which personal testimony and confrontation would not be required" (emphasis in original)). Because we conclude that Defendant was afforded the due process contemplated under our case law in a probation revocation proceeding, we deny the motion to amend as non-viable. *See Moore*, 1989-NMCA-073, ¶ 42 ("By viable, we meant to describe an argument that was colorable, or arguable, and to distinguish arguments that are devoid of any merit.").

**{8}** For all these reasons, and those stated in this Court's calendar notice, we see no basis for concluding that the district court abused its discretion. *See State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321 (stating that the district court's

6

revocation of a defendant's probation is reviewed for an abuse of discretion). We therefore affirm the district court's order.

{9}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**HENRY M. BOHNHOFF, Judge**