This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

v.                                                    **No. A-1-CA-36981**

**PERLA MARQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals from a district court order revoking her probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

{2}     Defendant continues to challenge the sufficiency of the evidence to support the revocation of her probation. [MIO 2] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{3}     Here, the State alleged that Defendant violated Standard Condition No. 2, which required her to report to her probation officer. [RP 145] At the hearing, her probation officer testified that Defendant failed to report as ordered, failed to make any contact after sentencing, and that her whereabouts had been unknown. [MIO 2; DS 2] Defendant testified and admitted that she did not report as required. [MIO 2; DS 2] The court, sitting as fact-finder, was free to reject Defendant's explanations for her

2

failure to report. *See State v. Cabezuela*, 2011-NMSC-041, ¶ 45, 150 N.M. 654, 265 P.3d 705. Under these circumstances, we conclude that the evidence was sufficient to support the revocation of Defendant's probation.

{4}    For the reasons set forth above, we affirm.

{5}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**