This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                   NO. A-1-CA-37018

**LORENZO GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Lorenzo Garcia appeals from the district court's order revoking probation. This Court's calendar notice proposed to summarily affirm. Defendant filed

a memorandum in opposition to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}     The calendar notice proposed to conclude that the State's circumstantial evidence proved Defendant was the driver of the Thunderbird on the date in question with reasonable certainty, on the basis that proof of a probation violation need not be established beyond a reasonable doubt. *See State v. Galaz,* 2003-NMCA-076, ¶ 8, 133 N.M. 794, 70 P.3d 784. [CN 3] Defendant does not point to any error with regard to this proposal, but argues that the calendar notice did not address the evidence regarding possession of a firearm. [MIO 2] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact), *superceded by statute as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendant argues that there was insufficient evidence to support the finding that he violated his probation by possessing a firearm because there was a passenger in his car and he therefore did not have exclusive control over the car. [MIO 3] We affirm the district court's order on the basis that there was sufficient evidence to support the single violation prohibiting Defendant from violating state laws. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[A]lthough Defendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is

sufficient evidence to support just one violation, we will find the district court's order was proper.").

{3} Defendant continues to argue that the district court impermissibly shifted the burden of proof from the State by considering his failure to rebut the evidence against him. [MIO 4] The calendar notice proposed to affirm on the basis that "[t]he burden of proving a violation with reasonable certainty lies with the State," *State v. Green,* 2015-NMCA-007, ¶ 22, 341 P.3d 10, and it is only after the State meets its burden of proving the breach of a material condition that Defendant must present evidence to excuse non-compliance. *See Leon*, 2013-NMCA-011, ¶ 36. Defendant does not point to any error in fact or law with the proposed disposition, but continues to maintain that the district court impermissibly shifted the burden to him to rebut the State's evidence. [MIO 4] *See Mondragon*, 1988-NMCA-027, ¶ 10 (stating that the repetition of earlier arguments does not fulfill the requirement of a defendant to respond to a proposed disposition). We disagree.

{4} The State must first meet its burden of proving the violation of a material condition of probation before a defendant is given an opportunity to present evidence excusing non-compliance. *See State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse

non-compliance."). "[D]efendant is entitled to present evidence and witnesses . . . in an effort to convince the trial court that his failure to comply with conditions was through no fault of his own." *Id.* (citations omitted). We conclude that allowing Defendant such an opportunity only after the State has met its initial burden of proof is not an impermissible shifting of burdens.

{5}     For all of these reasons, and those stated in the calendar notice, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____

**STEPHEN G. FRENCH, Judge**


_____

**EMIL J. KIEHNE, Judge**

4