This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              NO. A-1-CA-37193

**CEDRYCH YOUNG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Cedrych Young appeals from an order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

{2}     **Issue 1:** Defendant continues to challenge the denial of his motion to suppress. [MIO 5] A ruling on a motion to suppress evidence presents a mixed question of law and fact. *State v. Garcia*, 2005-NMSC-017, ¶ 27, 138 N.M. 1, 116 P.3d 72. We review findings of fact using the substantial evidence standard. *Id.* We review the application of law to the facts de novo, viewing the facts in the light most favorable to the prevailing party. *Id.*

{3}     In this case, Defendant claims that the officers lacked exigent circumstances to search his residence. [MIO 5] However, there is no need for exigent circumstances because the officers entered the residence after Defendant's wife gave them consent to do so. [MIO 3] *See State v. Cline*, 1998-NMCA-154, ¶ 18, 126 N.M. 77, 966 P.2d 785 (holding that the wife, as one with common authority over the premises, has authority to consent to a search).

{4}     **Issue 2:** Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. [MIO 7] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To

2

establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{5} Here, the district court found that Defendant violated his probation by failing to report for his July 3, 2017 probation appointment, and by possession of a firearm. [MIO 4] The State presented evidence that Defendant failed to report on July 3, and Defendant does not provide any indication that he was unable to appear for his appointment. [MIO 4, 7-8] With respect to the firearm, a person is in possession of a firearm when, "on the occasion in question, he knows what [the firearm] is, he knows it is on his person or in his presence[,] and he exercises control over it." UJI 14-130 NMRA. Here, Defendant was found sitting on a couch (apparently alone) with a firearm in plain view on the couch. [MIO 3] When the officers came in the house he initially reached for the gun and then hesitated and sat up. [MIO 3] Under these circumstances, we conclude that the definition of possession has been satisfied.

{6} For the reasons set forth above, we affirm.

{7} **IT IS SO ORDERED.**

                  _____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**DANIEL J. GALLEGOS, Judge**