This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                              **No. A-1-CA-37222**

**VERNON MCGEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant, Vernon McGee, appeals the district court's order revoking his probation. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition and a motion

to amend the docketing statement. *See State v. Rael*, 1983-NMCA-081, ¶ 8, 100 N.M. 193, 668 P.2d 309 (stating that a motion to amend is timely when filed prior to the expiration of the time for filing a memorandum in opposition). We have considered Defendant's arguments and remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

{2}     We have already outlined the procedural and factual background in our notice of proposed summary disposition. Therefore, in order to avoid unnecessary repetition, we will focus instead on the contents of Defendant's memorandum in opposition, discussing only such facts as are relevant to his arguments.

{3}     We begin with Defendant's motion to amend the docketing statement in which he argues that the district court could not revoke his probation for failing to turn himself in as ordered to the Otero County Detention Center (OCDC) to begin his term of imprisonment because turning himself in was not a condition of his probation. [MIO 3-6] We disagree. The judgment and sentence entered by the district court imposing sentence and ordering the term of probation contains a section entitled "Probation Conditions" in which it states that in addition to all standard conditions of probation certain specific additional terms of probation are imposed. Under this section it is specifically ordered that Defendant shall report to the OCDC on September 25, 2017 at 8:00 am to begin his jail term. [RP 56]

**{4}** Defendant states in his motion to amend the docketing statement that it is clear from the judgment and sentence that the order to report was separate and apart from the terms and conditions of probation. [MIO 5] However, the portion of the record proper cited by Defendant in support of this assertion does not reference the judgment and sentence. [RP 72; MIO 5] Additionally, as described, the language ordering Defendant to report to the OCDC is contained in a section of the judgment and sentence describing the terms and conditions of probation and is not separate and apart. Further, Defendant does not indicate where in the record this issue was raised before the district court. *See* Rule 12-208(D)(4) NMRA (requiring a docketing statement to contain "a statement of how [the issues] arose and how they were preserved in the trial court"). Moreover, "[t]he suspension or deferment of a sentence is not a matter of right, but a decision reserved to the sound discretion of the sentencing court." *State v. Padilla*, 1987-NMCA-116, ¶ 7, 106 N.M. 420, 744 P.2d 548. And we long have held that "[t]he sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence." *Id.* Accordingly, we do not believe that Defendant has shown that this issue is viable, and we therefore deny the motion to amend the docketing statement. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement

based upon a determination that the argument sought to be raised was not viable).

{5}     Defendant next continues his argument that the evidence was insufficient to establish that he violated his probation. [MIO 5-9 ] We review the district court's decision to revoke probation under an abuse of discretion standard. *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *Id.*; *see State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (stating that a probation violation must be proved to a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation).

{6}     Defendant argues in his memorandum in opposition that the district court abused its discretion in finding that a probation violation occurred because it had to rely on hearsay evidence to show that no one saw Defendant in the booking area on the date in question. [MIO 6-7] However, hearsay is admissible in a probation revocation hearing, and there was no objection to admission of this evidence on either hearsay or confrontation grounds at the revocation hearing. *See* Rule 11-1101(D)(3)(d) NMRA (stating that the rules of evidence do not apply to proceedings "revoking probation or supervised release"); *see also State v. Green*, 2015-NMCA-

4

007, ¶ 30, 341 P.3d 10 (recognizing that the rules of evidence do not apply to probation revocation proceedings). We therefore see no error in the district court's consideration of this evidence.

**{7}** Defendant next argues that his testimony that he tried to turn himself into the OCDC but was rebuffed was supported by his documentary evidence that he went to his attorney's office on that date. [MIO 7] Defendant argues that he would not have gone to the trouble of going to his attorney's office if he had not been turned away at the detention center, and the only rational conclusion is that he was truthful and that his probation violation was not willful. [MIO 7-8] *See In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 (stating that "[t]o establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof.").

**{8}** We disagree that the evidence was insufficient to establish a willful violation. "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321. "Thus while the burden of proving a willful violation always remains on the state, after the state presents a prima facie case of a violation, the burden shifts to the defendant to come

5

forward with evidence that the failure to comply was through no fault of his own." *State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843.

**{9}** In this case, Defendant did present evidence in the form of his testimony that the violation was not willful. However, the district court was not required to accept that evidence. *See State v. Trujillo*, 2002-NMSC-005, ¶ 31, 131 N.M. 709, 42 P.3d 814 (reasoning that a fact-finder may reject the defendant's version of an incident). Moreover, the truth of Defendant's version of events was not the only rational conclusion the fact-finder could draw from the evidence presented. The evidence that no one who worked in booking at the OCDC saw Defendant on the relevant date and the evidence that he was arrested nearly a month later in another city provide sufficient support for the district court's conclusion that Defendant's failure to report to the OCDC was proved to a reasonable certainty and that it was willful. *See Bruno R.*, 2003-NMCA-057, ¶ 9 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation). [DS 3; RP 120]

**CONCLUSION**

**{10}** For these reasons, we affirm the revocation of Defendant's probation.

**{11}** **IT IS SO ORDERED**.

---

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

       _____

**J. MILES HANISEE, Judge**


       _____

**JENNIFER L. ATTREP, Judge**