STATE V. WHEELER

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**CHRISTOPHER WHEELER,**
**Defendant-Appellant.**

Docket No. A-1-CA-37528
COURT OF APPEALS OF NEW MEXICO
May 10, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Mary L. Marlowe, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, John Charles Bennett, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals from a district court order finding a probation violation, retaining Defendant's conditional discharge, but giving him an unsatisfactory discharge from probation. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement and a memorandum in opposition. We hereby deny the motion to amend and affirm the district court. **Motion to Amend**

**{2}** Defendant has filed a motion to amend the docketing statement to add a new issue. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{3}** Here, Defendant seeks to add the issue of whether the evidence was sufficient to support the finding of probation violation. [MIO 3] "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{4}** The district court found that Defendant violated state law, in contravention of condition 1 in his probation agreement. [RP 45, 69] At the hearing, the arresting officer testified that he was dispatched to J.C. Penney in reference to shoplifting. [MIO 4] When he arrived he saw Defendant handcuffed and sitting on a sidewalk next to mall security officers. [MIO 4] The officer further testified that he arrested Defendant after speaking to three eye-witnesses at the scene. [DS 3]

**{5}** Referring us to a United States Supreme Court case and a federal circuit court case, Defendant argues that his mere arrest was insufficient to establish the violation. [MIO 7] However, neither of those cases involved a probation violation, let alone testimony from an arresting officer that provided the context of the incident. As noted, the applicable inquiry here is whether the State showed to a reasonable certainty that the violation occurred. *Cf. State v. DeBorde*, 1996-NMCA-042, ¶ 13, 121 N.M. 601, 915 P.2d 906 (noting the state's strong interest in being able to return a probationer to imprisonment without the burden of a new adversary criminal trial). Given this burden of proof, we conclude that a fact-finder could find that Defendant violated the probation condition that he obey the law.

**Issue in Docketing Statement**

**{6}** Defendant does not raise any new arguments on this issue. We therefore rely on the analysis set forth in the calendar notice. *See State v. Mondragon*, 1988-NMCA-027,

¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement).

**{7}**    For the reasons set forth above, we affirm.

**{8}**    **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**BRIANA H. ZAMORA, Judge**