This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38112**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RUSSELL PERRIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John C. Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from an order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. [MIO 5] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation

agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{3}     Here, the State alleged that Defendant violated numerous conditions of probation: failed to follow the law, did not report, did not get permission to move, possessed a controlled substance, did not pay probation costs, and absconded from justice. [RP 184-86] The district court found that each of these violations occurred. [RP 225] The evidence indicated that Defendant was in possession of a recently-stolen motorcycle, did not report or pay fines, tested positive for methamphetamine and opiates, and was generally unavailable for three months. [MIO 3-5] Defendant relies on an unsubstantiated claim that he was in the hospital for part of this time. [MIO 4] The district court, sitting as fact-finder, was free to reject Defendant's claim and the implication that some of the violations were not wilful. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events). The court was also free to reject Defendant's claim [MIO 5] that he had not used controlled substances; instead, the court could rely on the positive test results.

{4}     For the reasons set forth above, and in our calendar notice, we affirm the district court.

{5}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**