This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38506**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RIDER ARROYO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Douglas B. Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**     Defendant appeals from an order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**{2}**     Defendant challenges the sufficiency of the evidence to support the revocation of his probation. [MIO 4] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation

agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{3}** Here, the State alleged that Defendant violated three conditions of probation: reporting, employment, and status. [RP 84] The district court found that Defendant violated the "terms" of his probation. [RP 107] Defendant's docketing statement and memorandum in opposition both note that the district court revoked probation based on the failure to report. [DS 3; MIO 2]

**{4}** The State relied on the testimony of Kristen Mueller, who had reviewed Defendant's probation file, but did not appear to have first-hand knowledge of the reporting violation. [DS1-2; MIO 2] The district court also took judicial notice of the court's file. [DS 2] Although Defendant's docketing statement did not provide us with a detailed description of the evidence, we presumed that Mueller's testimony and the court's file was consistent with the allegations made in the petition to revoke probation, which support the failure to report violation. [RP 80] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

**{5}** Defendant's memorandum in opposition does not dispute our presumption that Mueller's testimony was consistent with the factual allegations specified in the petition. Instead, Defendant continues to argue that the State's failure to call the probation officer who attempted to contact Defendant, and to whom Defendant failed to respond or otherwise report, violated his right to confrontation.

**{6}** *State v. Guthrie*, 2011-NMSC-014, 150 N.M. 84, 257 P.3d 904 comprehensively addresses the right to confrontation, as it applies in probation revocation proceedings. In recognition of the "inherent flexibility" of due process in this context and the informality of probation revocation proceedings, our New Mexico Supreme Court explained that the right to confront and cross-examine adverse witnesses generally applies unless "good cause" exists for a departure. *Id.*¶¶ 11-12, 33. Good cause is determined on a case-by-case basis, giving due consideration to "pragmatism . . . fairness and the utility of confrontation in [each] particular factual context." *Id.* ¶ 33. The centrality of the assertion to which the evidence is directed is a significant consideration, *id.* ¶ 34, as well as the "inherent reliability" of the evidence. *Id.* ¶ 36. And critically, the Court explained that confrontation is needful only with respect to "contested relevant facts[.]" *Id.* ¶ 35.

**{7}** In *Guthrie*, a probationer's failure to complete a mandatory inpatient treatment program was at issue. The Court ultimately concluded that the State was not required to call an individual from the treatment program to testify to the "objective, negative, and

rather routine fact" that the probationer had failed to complete the program. *Id.* ¶ 46. In so ruling, the Court repeatedly relied on the fact that the probationer's non-compliance was undisputed. *See id.* ¶¶ 17, 34, 45, 48.

**{8}** Here, Defendant claims that he sufficiently contested the reporting issue with his testimony that he was told he could report by phone. [MIO 4; DS 3] However, neither Defendant's docketing statement or the memorandum in opposition state that Defendant testified that he did in fact report by phone, or that he introduced any evidence to support the assertion. In addition, the State claimed that Defendant had not reported for a three-month period, and could not be located by the probation officer at his reported residence. [RP 84] In the absence of a specific factual challenge that would undermine the validity of the failure to report allegation, we conclude that the district court had good cause not to require the in-court testimony of the probation officer who oversaw Defendant's case.

**{9}** For the reasons set forth above, we affirm.

**{10} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**