This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38813

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NOEL R. CALDERON, Jr.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

{1}     Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition. We affirm.

{2}     In his memorandum in opposition, Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. [MIO 4] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is

on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{3}** Here, the State alleged that Defendant violated numerous conditions of probation: violation of curfew, failure to keep GPS monitor charged, failure to follow instructions relating to the possession of certain items, failure to permit warrantless search of his home, possession/use of controlled substances, and possession/consumption of alcohol. [RP 419-20] The district court found that each of these violations occurred. [RP 441] We focus our review on the possession/use of controlled substances allegation. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that sufficient evidence to support a single probation violation supports affirmance of a district court's revocation of probation).

**{4}** The evidence indicated that a probation officer was doing a home visit at Defendant's brother's residence and noticed that Defendant's vehicle was parked outside. [MIO 2] Defendant's GPS unit indicated that he was in the vicinity, and he was contacted and reported that he was at his sister's house, across the street. [MIO 2] Defendant was ordered to go to his brother's house, where he was told to sit on a couch. [MIO 2] The probation officer started to talk to Defendant and smelled alcohol. [MIO 2] The officer noticed a backpack that Defendant later admitted was his; inside was a partially consumed can of beer, Defendant's GPS unit, and a syringe. [MIO 2-3] Defendant grabbed the backpack and tried to flee. [MIO 3] He was apprehended and admitted to using heroin a few days earlier. [MIO 3]

**{5}** In our calendar notice, we observed that the district court, sitting as fact-finder, was free to reject the testimony of Defendant's sister [MIO 3], who said that the backpack belonged to her. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). The district court could also rely on the testimony that the beer can and syringe were in the backpack, and could reasonably infer that Defendant discarded them when he fled with the backpack. Finally, the court could construe Defendant's attempted flight as consciousness of guilt. *See State v. Jacobs*, 2000-NMSC-026, ¶ 15, 129 N.M. 448, 10 P.3d 127 (recognizing that evidence of flight tends to show a consciousness of guilt).

**{6}** In his memorandum in opposition, Defendant concedes that the evidence was sufficient to support the possession/use allegation. [MIO 6] Nevertheless, he asserts that the evidence was insufficient to support all of the allegations. [MIO 6] However, as noted above, we may affirm the revocation based on a single ground. Accordingly, having concluded that the evidence was sufficient to support revocation based on the violation of the possession/use condition, we affirm the district court.

**{7}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**