This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38515

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MYRTIS P. HART,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mark A. Peralta-Silva, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the revocation of his probation. This Court issued a notice of proposed disposition proposing to affirm the district court. Defendant filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** This Court proposed to conclude in its notice of proposed disposition that the State proved that Defendant violated state law by resisting, evading or obstructing an officer by providing evidence that Defendant ran away from an officer and struggled with officers as he was handcuffed, and failed to provide an excuse or reason to justify his

actions. [CN 6] Defendant maintains in his memorandum in opposition that there was insufficient evidence to revoke his probation on the grounds that he violated state law and failed to report to probation. [MIO 4] Defendant specifically argues that there was insufficient evidence to find that he resisted arrest. [MIO 9-10]

**{3}** Defendant argues that the district court failed to state during the hearing or in its order which law Defendant violated that serves as the basis for Defendant's probation revocation. [MIO 8] However, as Defendant points out in his memorandum in opposition, the State's motion to revoke probation referred to the report of violation of probation, which alleged that Defendant violated multiple state laws, including resisting, evading or obstructing an officer. [MIO 8] The district court then found in its order that Defendant violated probation as charged in counts one and two of the State's motion, which includes the allegation that Defendant violated state laws. [RP 182] The State established with a reasonable certainty that Defendant violated a state law through the dispatched officer's testimony and his lapel video footage of Defendant resisting, evading or obstructing a peace officer by fleeing from the police officer upon being detained. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (stating that proof of a probation violation "must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation"). Therefore, the district court's failure to specify which state law Defendant violated does not rise to an abuse of discretion. *See id.* ¶ 22 ("To establish an abuse of discretion, it must appear the district court acted unfairly or arbitrarily, or committed manifest error." (alteration, internal quotation marks, and citation omitted)); *see also State v. Martinez*, 1989-NMCA-036, ¶ 11, 108 N.M. 604, 775 P.2d 1321 ("[In probation violation hearings, . . . [i]t is the court's sound judgment that is invoked, and the exercise of that judgment will not be reversed on appeal unless it was mistakenly exercised." (internal quotation marks and citations omitted)). Defendant has not pointed to any additional errors in the facts or law as stated in the proposed notice of disposition regarding our proposed conclusion that Defendant violated his probation when he resisted arrest. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** While Defendant challenges the sufficiency of the evidence supporting both of his probation violations, Defendant's probation violation for violating state law supplies adequate grounds for the revocation of his probation, and it is therefore unnecessary to consider Defendant's sufficiency argument relative to his failure to report. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 ("[A]lthough [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper."). We therefore conclude that the district court did not abuse its discretion in revoking Defendant's probation. *See Green*, 2015-NMCA-007, ¶ 22.

**{5}** Accordingly, for the reasons stated above and in our notice of proposed disposition, we affirm the district court's order revoking Defendant's probation.

**{6}** IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**