This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38991

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSEPH MITCHELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jarod K. Hofacket, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support the revocation of his probation. [MIO 3, 11] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the

part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{3}** Here, the State alleged that Defendant violated three conditions of probation by (1) violating the law, (2) possession of drugs, and (3) possession of a firearm. [RP 56-60] After a hearing, the district court found that the evidence supported the violation of the law and possession allegations. [RP 94] As we observed in our calendar notice, we may affirm if the evidence was sufficient to support any of these violations. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that sufficient evidence to support a single probation violation supports affirmance of a district court's revocation of probation).

**{4}** At the probation violation hearing, the State presented testimony that officers executing a search warrant at Defendant's residence discovered a substance that field tested positive for methamphetamine. [RP 56, 93] Defendant's memorandum in opposition correctly observes that criminal proceedings require the State to lay an adequate foundation for the admission of field test results. *See State v. Morales*, 2002-NMCA-052, ¶ 23, 132 N.M. 146, 45 P.3d 406, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110; *see also State v. McClennen*, 2008-NMCA-130, ¶ 12, 144 N.M. 878, 192 P.3d 1255 (stating that, in a criminal case, "[b]efore the results of a field test can be introduced to prove the identity of contraband, the state must establish the scientific reliability of the test and the validity of the scientific principles on which the field test is based"), *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6. However, the Rules of Evidence do not apply to probation revocation proceedings. *See* Rule 11-1101(D)(3)(d) NMRA. As noted, in a probation revocation proceeding the evidence had to establish a violation with a reasonable certainty. *State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321 (observing that "proof of a violation of a condition of probation need not be established beyond a reasonable doubt[,]" but rather, must merely incline a "reasonable and impartial mind to the belief that a defendant has violated the terms of probation"). Here, in addition to the field test, the officer also testified that drug paraphernalia was found with the substance in question. [RP 93] We conclude that this evidence satisfies the reasonable certainty standard.

**{5}** To the extent that Defendant is arguing that the field test testimony violated his right to due process [MIO 4], Defendant did not raise this issue below with respect to the field test. [RP 93] *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (stating that "[i]n order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon"); *State v. Lucero*, 1986-NMCA-085, ¶¶ 12-17, 104 N.M. 587, 725 P.2d 266 (holding that the "denial of the right to confrontation may not be raised for the first time on appeal").

**{6}** Defendant's memorandum in opposition also raises, for the first time via a motion to amend [MIO i], that his confrontation/due process right was violated by the admission of testimony relating to third party information received prior to the execution of the search warrant. [MIO 7] Unlike the field test evidence, Defendant specifically objected to this evidence. [RP 93] However, we do not deem the issue to be viable because we conclude that the revocation is affirmable without considering this additional evidence. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730; *State v. Guthrie*, 2011-NMSC-014, ¶ 34, 150 N.M. 84, 257 P.3d 904 (stating that to establish a due process violation the challenged evidence must be central to reason for the probation revocation). We therefore deny the motion to amend. *See Moore*, 1989-NMCA-073, ¶ 42.

**{7}** For the reasons set forth above, we affirm.

**{8}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**